1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE EASTERN DISTRICT OF CALIFORNIA
8
9
10  SHABONDY LAMAR SIMPSON,          )  Case No. 2:09-cv-00302-MSB
                                     )
         Plaintiff,                  )  **ORDER**
11                                   )
vs.                                  )
12                                   )
                                     )
13  N. FELTSEN, *et al.*,            )
                                     )
14       Defendants.                 )
                                     )
15  _____   )

16     On August 6, 2010, Defendants Feltsen, Broddrick, Bush, Packard, Cannon, Crocker,
17 Ebbitt, Kramer, and Ramacher filed a motion to dismiss Plaintiff's Complaint under Federal
18 Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted
19 and for failure to exhaust available administrative remedies before filing the Complaint.
20 (Dkt. # 19).

21                         **NOTICE TO PLAINTIFF**

22     Defendants' motion to dismiss seeks to have your case dismissed for failure to exhaust
23 prison administrative remedies as required by 42 U.S.C. § 1997e(a) and for failure to state
24 a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b).
25 A motion to dismiss under Federal Rule of Civil Procedure 12(b) will, if granted, end your
26 case. Plaintiff is advised of the following specific provision of Local Rule of Civil Procedure
27 230(l):

28     (l) **Motions in Prisoner Actions.** All motions, except motions to dismiss for

lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition. All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first. *See* L.R. 135.

When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003). Plaintiff is therefore further advised that if the defendants produce admissible evidence demonstrating that you failed to exhaust administrative remedies, your complaint will be dismissed without prejudice unless your response to the defendants' motion to dismiss includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses and sworn declarations.

You must timely respond to motions filed by the defendants. If you fail to respond to Defendants' motion to dismiss, the Court may construe such failure as a consent to the granting of that motion without further notice, and judgment may be entered dismissing this action without prejudice. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); Local Rule 230(l).

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff must file a response to Defendants' motion to dismiss, together with copies of grievances, sworn declarations or other admissible evidence, within 21 days of the date of this order. Failure to do so will result in the Court granting the motion.

1  **IT IS FURTHER ORDERED** that Defendants may file a reply within 7 days after
2  service of Plaintiff's response.
3  **IT IS FURTHER ORDERED** that the motion will be deemed ready for decision
4  without oral argument on the day following the date set for filing a reply unless otherwise
5  ordered by the Court.

7  DATED this 9th day of August, 2010.

9        /s/ Marsha S. Berzon
      MARSHA S. BERZON
10       United States Circuit Judge, sitting by designation